## ILLEGAL LEVY IN SATISFACTION OF DOW TAX.

### Common Pleas Court of Franklin County.

WILLIAM E. HESKETT V. DOROTHY REESE ET AL, AND SHANNON FURNITURE CO. v. DOROTHY REESE ET AL.

Decided, March 3, 1911.

*Taxation—Lien of Dow Tax Not Superior to that of Chattel Mortgage, When—Character of Goods to which a Prior Lien Attaches—Sections 6071 and 6078.*

Property, other than that actually used in conducting a place of business where intoxicating liquors are sold, is not subject to a levy for unpaid Dow tax, which shall take precedence over a *bona fide* chattel mortgage thereon.

These cases were heard together, being alike in all essential particulars. The petition in each case asks for the foreclosure of a chattel mortgage given to plaintiff by the defendant, Dorothy Reese, as security for the payment of the unpaid portion of the purchase price of certain household goods, consisting of hall, parlor or sitting room, bedroom, dining room, kitchen and bath room furniture. The chattel mortgages are in usual form and contain the usual conditions, and at the time of the commencement of these actions the defendant, Dorothy Reese, was in default for payments thereon and said mortgages had become absolute. They were duly verified and filed in the recorder's office of this county, prior to November 15, 1909, and were valid and subsisting liens upon said household goods prior to and at the time of the levy of the defendant, James T. Lindsay, as

county treasurer, thereon. Said household goods were located in a flat, consisting of a hall, a parlor or sitting room, three bedrooms, a dining room, kitchen and bath room on the second floor and known as 121½ South Front street, in the city of Columbus, Ohio.

On November 15, 1909, three inspectors, appointed by the state dairy and food commissioner of this state, went to said flat at about 10 o'clock P. M., and remained there for a half-hour during which time they made three separate purchases of three pints of beer each, making in all nine pints of beer, and paid fifty cents per pint therefor. The beer was kept in an ice box in the kitchen (not included in said mortgages and therefore not involved in these actions) and was taken therefrom into the dining room where it was drunk. During their stay the inspectors were in all of the rooms of said flat, and at the times said purchases were made there were two girls present besides Dorothy Reese.

Upon the report of said inspectors of the three sales of beer above mentioned the auditor of Franklin county was ordered to and did assess and charge against the defendant, Dorothy Reese, on the auditor's and treasurer's duplicates of such assessments in said county, an assessment of taxes for carrying on the business of trafficking in intoxicating liquors, together with a penalty thereon, as provided in General Code, 6087 *et seq.*, which taxes and penalty stand charged upon said duplicates and are unpaid. Whereupon the defendant, James T. Lindsay, as treasurer of said county, distrained and levied upon said household goods for the payment of said taxes and penalty, under General Code, 6077, and was about to sell the same when these actions were commenced.

Said defendant, as such treasurer, claims a lien upon said household goods prior to the lien of said mortgagees, under the provisions of General Code, 6078; that such levy shall take precedence of all mortgages on goods and chattels used in carrying on such business.

Plaintiffs also asked in their petitions that the defendant, James T. Lindsay, as such treasurer, be enjoined from selling said goods, but after these actions were commenced the goods

were sold by him under an agreement whereby said defendant holds the proceeds thereof subject to the order of this court.

*G. W. Carpenter* and *C. M. Voorhees,* for plaintiffs.

*E. C. Turner,* Prosecuting Attorney, and *H. S. Ballard,* contra.

DILLON, J.

The court finds that the equities of these cases lie with the plaintiffs and a finding and decree will be made ordering the treasurer to pay the amount received for the sale of the goods under the stipulation between the parties to the plaintiff in each case.

The tax on which the treasurer relies is one that is placed by General Code, 6071, "upon the business of trafficking in intoxicating liquors," and there might be a question, especially if looked at through technical glasses, whether or not evidence of one instance in which three bottles of beer were sold would authorize a court to say that the defendant, Reese, was thus engaged, but assuming that this woman was regularly selling beer to people who called at her house, there are two reasons, in my opinion, why the chattel mortgages are good as against the claim of the treasurer:

First, General Code, 6078, was evidently framed with the theory that a person whose chattels shall be thus subjected "has a place of business," and upon refusal to pay, the treasurer is given the extraordinary power to levy upon the goods and chattels of the person wherever found and in addition to that "on the bar, fixtures, or furniture, liquors, leasehold, and other goods and chattels used in carrying on such business, which levy shall take precedence of any and all liens, mortgages, etc., hereafter taken or had on such goods and chattels so used in carrying on such business." The ordinary household goods such as are used for the purpose of life and for habitation purposes only, I do not think come within the purview of this statute. Manifestly, the primary use of the mattings, lace curtains, rugs, pictures, writing desk, etc., etc., was not for the purpose of carrying on this business. If we should even assume that this place of the defendant, Reese, was a house of ill fame, of which there is no evidence, the

selling of drinks so far as this evidence is concerned was a mere incident and required no particular chattels to carry it on. The law does not aim, so far as the drastic provision thereof is concerned, with reference to the levy taking precedence over *bona fide* chattel mortgages, to reach property other than that which is actually used in the business, and there is a reason, therefore, which the court will now discuss as the second reason for holding in favor of the plaintiffs.

With reference to bar, fixtures, liquors, a leasehold upon a liquor house or saloon, and other chattels which are used in carrying on the business, the very nature of these chattels is an open and public proclamation to all parties to beware and to take mortgages at their own peril, and this I conceive is the limit of the true interpretation of the statute. If we should interpret the statute beyond this point, it seems to me that we would to that extent render it unconstitutional. The same doctrine applies, I conceive, as does in the case of an owner of real estate whose property is used by a tenant for gambling purposes. While the statute in so many words says that this property shall be liable for any judgment for gambling, it has been held in this court, and in other courts many times, that where the gambling was carried on without any knowledge, actual or constructive, on the part of the owner of the real estate, he could not be made liable in that manner. A chattel mortgage, therefore, taken upon property wholly innocent in itself and with nothing whatever appearing therein in its own character or in the surroundings to indicate that it was used or might be used for the purpose of trafficking in intoxicating liquors must under our Constitution be protected, and it could not be contemplated by the Legislature that all such should be jeopardized at the whim or act of the mortgagor.

For the two reasons, therefore, above given, this finding and decree will be in favor of the plaintiffs as above stated.